IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEWAYNE BROOKS, SUSAN CAMERON, CHRISTENE JONES, JOSHUA WELLS, individually and on behalf of all others similarly situated, <br><br>*Plaintiffs*, <br><br>v. <br><br>CENTERPOINT ENERGY, INC., <br><br>*Defendant*. | § § § § § § § § § § § § § § |

CIVIL ACTION NO. 4:24-CV-2940

**DECLARATION OF MARK K. GYANDOH IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARY CERTIFICATION OF CLASS FOR SETTLEMENT PURPOSES, APPROVAL OF FORM AND MANNER OF SETTLEMENT NOTICE, PRELIMINARY APPROVAL OF PLAN OF ALLOCATION, AND SCHEDULING A <u>DATE FOR A FAIRNESS HEARING</u>**

I, Mark K. Gyandoh, Esquire, as Class Counsel, declare as follows:

1.　　I am a member in good standing of the bars of the Commonwealth of Pennsylvania and the State of New Jersey, and I have personal knowledge of the facts set forth below. If called as a witness, I could and would testify competently thereto.

2.　　I am a partner and chair of the Fiduciary Practice Group at Capozzi Adler, P.C., and have been the lead attorney for my law firm in this litigation representing Plaintiffs and the proposed Settlement Class in the above-captioned action.

*Procedural History*

3.　　Following several months of investigation, including engaging consulting experts, Plaintiffs, Dewayne Brooks, Susan Cameron, Christene Jones, and Joshua Wells, filed a Complaint

on August 7, 2024, against several Defendants (ECF No. 1). On September 27, 2024, the Parties filed a joint stipulation wherein Plaintiffs agreed to voluntarily dismiss the Board of Directors of CenterPoint Energy, Inc. ("Board of Directors"), the Benefits Committee of CenterPoint Energy, Inc. ("Benefits Committee"), and John Does 1-10, as Defendants. See ECF No. 13; *see also* ECF No. 15 (this Court adopting the stipulation). CenterPoint Energy, Inc., remains the sole Defendant in this action.

4. On October 28, 2024, Defendant requested a pre-motion conference regarding its intent to file a motion to dismiss the original complaint, therein arguing several purported issues with the pleadings. *See* ECF No. 16.

5. On November 1, 2024, Judge Palermo denied Defendant's request, and granted Plaintiffs leave to amend. ECF No. 24. Subsequently, Plaintiffs filed the FAC on November 22, 2024.

6. Defendant filed and served its Sealed Motion to Dismiss Plaintiffs' First Amended Complaint on December 6, 2024. *See* ECF No. 28; *see also* ECF No. 30 (redacted version filed on the same date).

7. Plaintiffs filed their Brief in Opposition to Defendant's Motion to Dismiss Plaintiffs' Amended Complaint on January 10, 2025. *See* ECF No. 34. On January 24, 2025, Defendants filed their Reply. *See* ECF No. 35.

*Discovery Practice*

8. On August 3, 2023, prior to filing suit, Plaintiffs requested numerous documents and information from Defendant pursuant to Section 104(b)(4) of ERISA.

9. On September 1, 2023, Defendant produced numerous responsive documents in response to Plaintiffs' request.

10. On February 28, 2025, Plaintiffs served their First Set of Interrogatories and Requests for Production of Documents on Plaintiffs.

11. On March 31, 2025, Defendant served its Responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents.

12. On April 11, 2025, Defendant served its First Set of Interrogatories and Requests for Production of Documents on Plaintiffs.

13. On May 9, 2025, Defendant served its First Production of Documents.

14. On May 12, 2025, Plaintiffs served their Objections and Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents.

15. On June 6, 2025, Plaintiffs' served their First Production of Documents.

16. On June 11, 2025, Defendant served their Second Production of Documents.

17. On June 13, 2025, Defendant served a Reproduction of Documents.

18. In total, 4,741 pages of documents were produced.

19. Depositions were also scheduled, including Defendant's 30(b)(6) corporate designee deposition.

*Settlement Negotiations*

20. On June 12, 2025, pursuant to F.R.E. 408 and Local Rule 16.3 (which urges parties to make good-faith efforts to settle at the earliest possible time), Class Counsel spoke with counsel for Defendant regarding the potential for a settlement.

21. On June 27, 2025, Plaintiffs sent Defendant Plaintiffs' opening settlement demand.

22. On August 21, 2025, Defendant responded to Plaintiffs with a counterproposal.

23. Counsel for the Parties had a call regarding settlement on August 21, 2025.

24. The following day, August 22, 2025, the Parties had another call to further negotiate a settlement, discussing terms and potential scenarios.

25. Another call, with another counteroffer, was held on September 4, 2025.

26. An agreement in principle was reached on September 5, 2025. *Id.*,

27. On September 8, 2025, the Parties informed the Court that a settlement in principle was reached and proposed that the Court vacate all pending deadlines while the Parties finalized the details and prepared the preliminary approval paperwork for the Court to review.

28. The resulting $800,000 cash payment represents 20 to 22% of the best-case damages scenario as estimated by Plaintiffs.

### *The Settlement Terms*

29. The Settlement provides CenterPoint will pay eight-hundred thousand dollars ($800,000.00)– the Gross Settlement Amount – to be allocated to participants on a *pro rata* basis pursuant to the proposed Plan of Allocation (*see* Exhibit C to Settlement Agreement) in exchange for releases and dismissal of this action (described in Article 7 of the Settlement Agreement).

30. The Gross Settlement Fund will be used to pay the participants' recoveries, administrative expenses to facilitate the Settlement, and Plaintiffs' Counsel's attorneys' fees and costs, and Class Representatives' Case Contribution Awards if awarded by the Court.

31. The Class Members include all individuals in the Settlement Class, or:

> All persons who were participants in or beneficiaries of the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan in the Class Period and any Alternate Payee of a Person subject to a QDRO who participated in the Plan during the Class Period. Excluded from the Settlement Class are Defendant, members of the Board of Directors of CenterPoint Energy, Inc. ("Board of Directors"), and members of the Benefits Committee of CenterPoint Energy, Inc. ("Benefits Committee") who were participants in or beneficiaries of the Plan at any time during the Class Period.

*See* Settlement Agreement, Section 1.44.

32. The Net Settlement Amount will be allocated to each Class Member in proportion to the sum of that Class Member's Balance as compared to the sum of the Balance for all Class Members. *See* Plan of Allocation, § II.C. Participants who are initially calculated to receive $5.00 or less will not receive a distribution. *Id*., § II.D. Participants with active accounts will receive their distribution into their active accounts, and former Participants shall be paid by check. *Id*., §§ II.E-F.

33. Class Counsel intends to seek to recover their attorneys' fees not to exceed $266,666.67 (one third of the Gross Settlement Amount). *See* Settlement Agreement, Section 6.1. Class Counsel also intends to seek to recover reasonable litigation costs and expenses advanced and carried by Class Counsel for the duration of this litigation. *Id.* Additionally, Class Counsel intends to seek Class Representatives' Case Contribution Awards in an amount not to exceed $5,000 for each Plaintiff, Dewayne Brooks, Susan Cameron, Christene Jones, and Joshua Wells. *Id*.

34. Defendant also intends to retain an Independent Fiduciary to approve and authorize the settlement on behalf of the Plan. *See* Settlement Agreement, Article 2. The fees and expenses of the Independent Fiduciary will be paid from the Gross Settlement. *Id.*, Section 5.1.3.

***Counsel's Experience***

35. I received both my J.D. (2001) and LLM in trial advocacy (2011) from Temple University School of Law. While at Temple, I was the research editor for the Temple International and Comparative Law Journal. After law school I clerked for a year with the Hon. Dennis J. Braithwaite of the New Jersey State Appellate Court.

36. I have been litigating ERISA fiduciary breach lawsuits for 20 years, first at my prior firm of Kessler Topaz Meltzer & Check, LLP (KTMC), and currently at Capozzi Adler where, as noted above, I am a partner and chair of the Fiduciary Practice Group. Over my career I have been actively involved in many high-profile ERISA class actions. For example, I was one of the lead attorneys for plaintiffs in *Fifth Third Bancorp, et al., v. Dudenhoeffer, et al.*, 573 U.S. 409, 134 S. Ct. 2459 (2014), a seminal Supreme Court decision that clarified the unwavering duties owed by fiduciaries to pension plan participants. *See* biography at https://capozziadler.com/mark-k-gyandoh-esquire/.

37. My partner James Maro is an experienced litigator who has assisted the Fiduciary Practice Group to prosecute and settle multiple millions of dollars' worth of ERISA cases. He is a 2000 graduate of Villanova University Charles Widger School of Law and has a diverse litigation background  *See* biography at https://capozziadler.com/james-a-maro-esquire/.

38. Another member of the Fiduciary Practice Group, James A. Wells, Partner, is an experienced litigator frequently handling multi-million dollar disputes and is a 1998 graduate of Temple University School of Law. *See* biography at https://capozziadler.com/james-a-wells-esquire/.

39. Co-Counsel for the Class, Peter Muhic of Muhic Law LLC, is an accomplished trial lawyer who has tried complex cases to verdict in federal and state courts throughout the country and has extensive experience in ERISA litigation. Mr. Muhic is a graduate of Temple University School of Law. *See* biography at https://muhiclaw.com/.

40. The ERISA team at Capozzi consists of several seasoned senior and junior attorneys as well as a support staff which includes paralegals and other paraprofessionals who assist in the practice.

41. Capozzi Adler has significant resources with three office locations. We have been serving clients for over 25 years offering a full range of legal services. I and my firm have been lead or co-lead interim counsel in dozens of ERISA breach of fiduciary duty actions. Recently, Capozzi Adler was appointed class counsel in the following matters: *McCool v AHS Management*, No. 3:19-cv-001158 (ECF 130) (appointing Capozzi Adler as Class Counsel); *Sweet v. Advance Auto Stores Co., Inc.*, No. 21-cv-549, 2023 WL 3959779 (W.D. Va. June 12, 2023); *Huang, et al., v. TriNet HR III, Inc., et al.*, No. 8:20-cv-2293-VMC-TGW (M.D. FL. Oct. 21, 2022) (ECF 85) (appointing Capozzi Adler as Class Counsel); *Stengl et al. v. L3Harris Technologies, et al.*, No. 6:22-cv-572, 2023 WL 11932263 (M.D. Fla. June 5, 2023) (ECF. 92); *Lucas, et al., v. MGM Resorts International, et al.*, 2:20-cv-01750-JAD-NJK (D.C. NV Oct. 20, 2022) (ECF 112) (appointing Capozzi Adler as Class Counsel); *Nunez, et al., v. B. Braun Medical, Inc., et al.*, No. 5:20-cv-04195 (E.D. Pa. June 30, 2022) (ECF. 69) (appointing Capozzi Adler as Class Counsel); *Boley, et al. v. Universal Health Servs., Inc., et al.*, No. 20-cv2644, 2021 WL 859399 (E.D. Pa. Mar. 8, 2021) (appointing Capozzi Adler as co-lead counsel in analogous breach of fiduciary duty action).

42. In the course of prosecuting ERISA class actions such as this, I have supervised the preparation of numerous consolidated pleadings, responses to motions to dismiss, drafting of discovery requests and review of hundreds of thousands of pages of plan-related documents and related documentation, and litigated cases through the summary judgment and trial phases.

43. The firm strives to obtain the best results for class members in every circumstance. We have successfully defeated motions to dismiss similar allegations in numerous actions. *See, e.g., e.g., Macias v. Sisters of Charity of Leavenworth Health Sys.*, No. 23-cv-01496 (D. Colo. July 24, 2025) (ECF No. 67); *Stephen v. Trader Joe's Co.*, No. 1:25-cv-10212 (D. Mass. July 22, 2025)

7

(ECF No. 47); *Seibert v. Nokia of Am. Corp.,* No. 21-cv-20478, 2024 WL 2316551 (D.N.J. May 22, 2024); *Brown v. MITRE Corp.,* No. 22-cv-10976, 2023 WL 2383772 (D. Mass. Mar. 6, 2023); *Kendall Pharmaceutical Product Development, LLC*, No. 7:20-cv-00071, 2021 WL 1231415 (E.D.N.C. March 31, 2021) (upholding allegations that plan fiduciaries selected higher-priced identical share classes and overpaid for recordkeeping); *Stengl v. L3Harris Techs., Inc.*, No. 22-cv-572, 2023 WL 2633333 (M.D. Fla. Mar. 24, 2023); *Parmer v. Land O'Lakes, Inc.*, 518 F. Supp. 3d 1293 (D. Minn. 2021); *Davis v. Magna Int'l of America, Inc.*, No. 20-cv-11060, 2021 WL 1212579 (E.D. Mich. March 31, 2021) (same); *Jones v. Coca-Cola Consolidated, Inc.*, No. 20-cv-00654, 2021 WL 1226551 (W.D.N.C. March 31, 2021) (same); *McCool v. AHS Management Company, Inc.*, No. 19-cv-01158, 2021 WL 826756 (M.D. Tenn. March 4, 2021) (same); *Garnick v. Wake Forest Univ. Baptist Med. Ctr.,* 629 F. Supp. 3d 352 (M.D.N.C. 2022); *In re Medstar ERISA Litig.*, No. 20-cv-1984, 2021 WL 391701 (D. Md. Feb. 4, 2021) (same); *Silva v. Evonik Corp.*, 2020 WL 12574912 (D.N.J. Dec. 30, 2020) (same); *Moore v. Humana, Inc.*, No. 21-cv-232, 2022 WL 20766504, at *3 (W.D. Ky. Dec. 2, 2022); *Pinnell, v. Teva Pharmaceuticals USA, Inc.*, No. 19-cv-5738, 2020 WL 1531870 (E.D.Pa. Mar. 31, 2020); *Peterson v. Insurance Services Office, Inc.*, No. 20-cv-13223, 2021 WL 1382168 (D.N.J. Apr. 13, 2021); *Rosenkrantz, et al., v. Altru Health System,* et al., 20-cv-168, 2021 WL 5868960 (Dec. 10, 2021).

44.     We have also been successful at the appellate level resulting in the reversal and remand of wrongly dismissed actions. *See, e.g., Perkins v. United Surgical Partners Int'l, Inc.*, No. 23-10375, 2024 WL 1574342 (5th Cir. Apr. 11, 2024)  (reversing dismissal of ERISA excessive fee action); *Kruchten, v. Ricoh USA, Inc.*, No. 23-1928, 2024 WL 3518308 (3rd Cir. Jul. 24, 2024) (same); *Kong et al. v. Trader Joe's Co.*, No. 20-56415, 2022 WL 1125667 (9th Cir. Apr. 15, 2022) (same); *Davis et al. v. Salesforce.com. Inc. et al.*, No. 21-15867, 2022 WL 1055557 (9th

8

Cir. Apr. 8, 2022) (same). Also, we have successfully obtained affirmance of correctly decided cases. *See, e.g., Hawkins et al. v. Cintas Corp.*, No. 21-3156 (6th Cir. Apr. 27, 2022) (upholding denial of motion to compel arbitration in ERISA case).

45. My firm has also engaged in successful settlement negotiations and mediations in ERISA actions, recovering over one hundred million dollars for its clients and class members. *See, e.g., Brown v. MITRE Corp.*, No. 22-cv-10976 (D. Mass. Feb. 20, 2025) (ECF Nos. 113-114) (recovered a $3,400,000 class settlement); *Hawkins v. Cintas Corp.*, No. 19-cv-1062, 2024 WL 3982210 (S.D. Ohio Aug. 27, 2024) (same); *Peterson v. Insurance Services Office, Inc.*, No. 3:20-cv-13223 (D.N.J. May 22, 2024) (recovered $4,000,000.00 class settlement); *Garnick v. Wake Forest Univ. Baptist Med*. Ctr., 21-cv-00454 (M.D.N.C. July 2, 2024) (recovered $3,800,000.00 class settlement); *McNeilly v. Spectrum Health System*, No. 20-cv-00870 (W.D. Mich. 2023) (recovered $6,000,000.00 class settlement); *Buescher, v. Brenntag North America, Inc.,* No. 20-cv-00147 (E.D. Pa. 2020) (recovered $2,300,000.00 class settlement); *Davis v. Magna Int'l of Am., Inc.,* No. 20-cv-11060, 2025 WL 66052, at *1 (E.D. Mich. Jan. 10, 2025) (recovered $2,900,00 settlement); *Pinnell v. Teva Pharmaceuticals USA, Inc.,* No. 19-cv-05738-MAK (E.D. Pa. 2019) (settlement in the amount of $2,550,000.00 after successful mediation); *Dean v. Cumulus Media, Inc*., No. 22-cv-04956 (N.D. Ga. 2023) (recovered $1,000,000.00 settlement); *Loomis v. Nextep, Inc.,* No.: 21-cv-00199 (W.D. Okla. 2023) (recovering $1,100,000.00); *Freck v. Cerner Corp.*, No. 20-cv-00043 (W.D. Mo. 2020) (recovered $4,050,000.00 class settlement); *Gerken v. ManTech Int'l Corp.,* No. 20-cv-01536 (E.D. Va. 2020) (recovered $1,200,000.00 class settlement).

46. Capozzi Adler also has the resources and commitment to deploy those resources on behalf of the proposed class in this case and has in fact done so as evidenced by our litigation efforts to date, including conducting discovery.

9

47.　Given my years of experience in this field of law, including trying an analogous case to an unfavorable verdict for plaintiffs *Nunez v. B. Braun Med., Inc.*, No. 20-4195 (E.D. Pa. Aug. 18, 2023), I believe the settlement achieved in this case is adequate and certainly reasonable and fair.

### *Plaintiffs Are Adequate Class Representatives*

48.　 Each of the Named Plaintiffs support the Settlement and have submitted declarations attesting to the work they have done on this matter.

49.　Attached as Exhibit 2 is the Declaration of Dewayne Brooks in Support of the Settlement.

50.　Attached as Exhibit 3 is the Declaration of Christene Jones in Support of the Settlement.

51.　Attached as Exhibit 4 is the Declaration of Joshua Wells in Support of the Settlement.

### *Authority Supporting Appropriateness of Class Certification*

52.　Having litigated almost exclusively ERISA breach of fiduciary duty actions over my career it is my experience that the types of claims asserted in this action are typically certified.

53.　Attached hereto as Exhibit 5 a non-exhaustive list of more than ninety-one (91). decisions from around the country in which courts certified classes in ERISA breach of fiduciary duty actions, like the instant action, including at least thirty-seven (37) decisions certifying classes in "excessive fee" suits.

I declare, pursuant to 28 U.S.C. §1746 and under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

10

Executed this 4th day of November, 2025, in Merion Station, Pennsylvania.

**CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh, Esquire

***Proposed Class Counsel***
