**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DEWAYNE BROOKS, SUSAN CAMERON, CHRISTENE JONES, JOSHUA WELLS, individually and on behalf of all others similarly situated, | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:24-CV-2940 |
| CENTERPOINT ENERGY, INC., | § § | |
| *Defendant*. | § § | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN
AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES
AND PLAINTIFFS' CASE CONTRIBUTION AWARDS**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................... 1

II.   BACKGROUND .................................................................................... 2

III.  STANDARD OF REVIEW .................................................................... 3

IV.   ARGUMENT ......................................................................................... 4

      A. Plaintiffs' Request for Attorneys' Fees Is Reasonable ................................ 5

           1..    The time and labor required. ............................................................. 5

           2.    The novelty and difficulty of the legal issues .................................... 5

           3.    Factors 3 and 8, the skill requisite to perform the legal
               services properly and counsel's pedigree ........................................... 6

           4.    Factors 6 and 10, this was an "undesirable" contingent fee
               case ................................................................................................... 8

           5.    The amount involved and the results obtained ................................... 9

           6.    Factors 5 and 12, the customary fee and awards in similar cases ....... 10

           7.    Factors 4 and 7, the preclusion of other employment by the
               attorneys due to acceptance of the Case ........................................... 12

           8.    The nature and the length of the professional relationship with
               the client ........................................................................................... 13

      B.    The Lodestar Crosscheck ............................................................................. 13

      C.    The Court Should Reimburse Plaintiffs' Counsel for Expenses
         Incurred ........................................................................................................ 16

      D.    The Requested Case Contribution Awards Are Reasonable ........................ 16

V.    CONCLUSION ...................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Barton v. Drummond Co.,*
636 F.2d 978, 982 (5th Cir.1981).................................................................................... 3

*Beesley v. Int'l Paper Co.,*
No. 3:06-cv-703, 2014 WL 375432 (S.D. Ill. Jan. 31, 2014).......................................... 18

*Bekker v. Neuberger Berman Grp. 401(k) Plan Inv. Comm.,*
504 F. Supp. 3d 265 (S.D.N.Y. 2020) .............................................................................. 1

*Bell v. Pension Comm. of ATH Holding Co., LLC,*
No. 15-cv-02062, 2019 WL 4193376 (S.D. Ind. Sept. 4, 2019) ................................. 2, 12

*Blackmon v. Zachary Holdings, Inc.,*
No. 20-cv-00988, 2022 WL 3142362 (W.D. Tex. Aug. 5, 2022),
*judgment entered,*
No. 20-cv-00988, 2022 WL 3142364 (W.D. Tex. Aug. 5, 2022) ..............................*Passim*

*Boeing Co. v. Van Gemert,*
444 U.S. 472 (1980) ........................................................................................................ 3

*Cassell v. Vanderbilt Univ.,*
2018 WL 5264640 (M.D. Tenn. Oct. 23, 2018) ........................................................ 14, 19

*Cates v. Trustees of Columbia Univ.,*
No. 16-cv-6524, 2021 WL 4847890 (S.D.N.Y. Oct. 18, 2021)..................................... 2, 6

*Celeste v. Intrusion Inc.,*
No. 4:21-cv-307, 2022 WL 17736350 (E.D. Tex. Dec. 16, 2022).................................. 14

*Clark v. Duke Univ.,*
No. 16-cv-1044, 2019 WL 2579201 (M.D.N.C. June 24, 2019) ................................. 2, 12

*Davis v. Magna Int'l of Am., Inc.,*
No. 20-cv-11060, 2025 WL 732300 (E.D. Mich. Jan. 27, 2025)..............................*Passim*

*Diaz v. BTG Int'l Inc.,*
No. 19-cv-1664, 2021 WL 2414580 (E.D. Pa. June 14, 2021) ........................ 6, 11, 12, 19

*Dover v. Yanfeng US Automotive Interior Systems I LLC*,
No. 20-cv-11643, 2023 WL 2309762 (E.D. Mich. Mar. 1, 2023) .................................. 19

*Erica P. John Fund, Inc. v. Halliburton Co.*,
No. 02-cv-1152, 2018 WL 1942227 (N.D. Tex. Apr. 25, 2018).............................. 4, 10, 14

*Feinberg v. T. Rowe Price Grp.*,
610 F. Supp. 3d 758 (D. Md. 2022)............................................................................... 12

*Fernandez v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
No. 15-cv-22782, 2017 WL 7798110 (S.D. Fla. Dec. 18, 2017) ........................................ 1

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
No. 02-cv-3400, 2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010) ......................................... 14

*Ford v. Takeda Pharms. U.S.A., Inc.*,
No. 21-cv-10090, 2023 WL 3679031 (D. Mass. Mar. 31, 2023)............................... 11, 14

*Frommert v. Conkright*,
223 F. Supp. 3d 140 (W.D.N.Y. 2016)........................................................................... 15

*Griffin v. Flagstar Bancorp, Inc.*,
No. 10-cv-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013)............................... 1, 10

*Hawkins v. Cintas Corp.*,
No. 19-cv-1062, 2025 WL 523909(S.D. Ohio Feb. 18, 2025),
*appeal dismissed*,
No. 25-cv-3213, 2025 WL 1735434 (6th Cir. Apr. 4, 2025) ...................................*Passim*

*Henderson v. Emory Univ.*,
No. 16-cv-2920, 2020 WL 9848978 (N.D. Ga. Nov. 4, 2020) ............................ 16, 18, 19

*Jenkins v. Trustmark National. Bank*,
300 F.R.D. 291 (S.D. Miss. 2014).........................................................................*Passim*

*Johnson v. Ga. Highway Exp., Inc.*,
488 F.2d 714, 718 (5th Cir. 1974),
*overruled on other grounds by Blanchard v. Bergeron*,
489 U.S. 87, 90 (1989) .......................................................................................... 4, 13

*Karpik v. Huntington Bancshares Inc.*,
2021 WL 757123 (S.D. Ohio Feb. 18, 2021) .................................................................. 1

iii

*Kelly v. Johns Hopkins Univ.*,
No. 16-cv-2835, 2020 WL 434473 (D. Md. Jan. 28, 2020) ............................. 1, 11, 14, 19

*Klein v. O'Neal, Inc.*,
705 F. Supp. 2d 632, 650, 678 (N.D. Tex. 2010),
*as modified* (June 14, 2010),
*judgment entered* (June 18, 2010),
*enforcement denied*,
No. 03-cv-102, 2011 WL 2413318 (N.D. Tex. June 15, 2011) ............................. 8, 12, 13

*Krueger v. Ameriprise*,
2015 WL 4246879 (D. Minn. July 13, 2015) ...................................................... 8

*Kruger v. Novant Health, Inc.*,
No. 14-cv-208, 2016 WL 6769066 (M.D.N.C. Sept. 29, 2016).................................. 5, 10

*In re Marsh Erisa Litig.*,
265 F.R.D. 128 (S.D.N.Y. 2010).................................................................. 18

*Marshall v. Northrop Grumman Corp.*,
No. 16-cv-6794, 2020 WL 5668935 (C.D. Cal. Sep. 18, 2020)........................................ 1

*McDonald v. Edward Jones*,
791 Fed. Appx. 638 (8th Cir. 2020)................................................................ 11

*McHugh v. Olympia Ent., Inc.*,
37 F.App'x 730 (6th Cir. 2002)..................................................................... 15

*Nesbeth v. ICON Clinical Rsch. LLC*,
No. 21-cv-1444, 2022 WL 22893879 (E.D. Pa. Mar. 10, 2022)........................................ 6

*Pinnell v. Teva Pharmaceuticals USA, Inc.*,
No. 19-cv-05738, 2021 WL 5609864 (E.D. Pa. June 11, 2021) .................................. 2, 11

*Pledger v. Reliance Trust Co.*,
2021 WL 2253497 (N.D. Ga. Mar. 8, 2021)..................................................... 1, 10, 11, 13

*In re Pool Prods. Distribution Mkt. Antitrust Litig.*,
310 F.R.D. 300 (E.D. La. 2015) ................................................................. 11

*Ramos v. Banner Health,*
No. 15-cv-2556, 2020 WL 6585849 (D. Colo. Nov. 10, 2020) .................................. 1, 12

*Savani v. URS Professional Solutions LLC*,
121 F. Supp. 3d 564 (D.S.C. 2015) ....................................................................5, 7, 8, 18

*Shaw v. Interthinx, Inc.*,
No. 13-cv-01229, 2015 WL 1867861 (D. Colo. Apr. 22, 2015). ...................................... 13

*Sims v. BB&T Corp.*,
No. 15-cv-732, 2019 WL 1995314 (M.D.N.C. May 6, 2019) ............................................ 9

*Slipchenko v. Brunel Energy, Inc.*,
No. 11-cv-1465, 2015 WL 338358 (S.D. Tex. Jan. 23, 2015) .......................................... 18

*Spano v. Boeing Co.*,
No. 06-cv-0743, 2016 WL 3791123 (S.D. Ill. Mar. 31, 2016) .......................................... 2

*Stevens v. SEI Invs. Co.*,
No. 18-cv-4205, 2020 WL 996418 (E.D. Pa. Feb. 28, 2020) .......................................... 15

*Tussey v. ABB, Inc.*,
No. 06-cv-04305, 2019 WL 3859763 (W.D. Mo. Aug. 16, 2019)......................... 2, 12, 19

*In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*,
886 F. Supp. 445 (E.D. Pa. 1995)..................................................................................... 15

**STATUTES**

FED. R. CIV. P. 23(h) ..............................................................................................16

**Other Sources**

Employee Retirement Income Security Act of 1974................................................. *Passim*

## I.    INTRODUCTION

Dewayne Brooks, Susan Cameron, Christene Jones, and Joshua Wells (collectively, "Plaintiffs"), by and through their undersigned counsel on behalf of CenterPoint Energy Savings Plan (the "Plan"), respectfully submit this Motion for an Award of Attorneys' Fees and Reimbursement of Expenses, and Plaintiffs' Case Contribution Awards and Memorandum in Support. The instant motion is being filed concurrently with Plaintiffs' Memorandum of Law in support of Unopposed Motion for Final Approval of Class Action Settlement, Certification of Settlement Class, and Approval of Plan of Allocation ("Final Approval Memo.").

Plaintiffs herein request an award of attorneys' fees of one third of the Settlement Amount of $800,000.00 (a maximum amount of $266,666.67). Courts routinely award counsel fees of one third of the common fund in analogous ERISA class actions and other class actions in this Circuit.[1] This amount is particularly reasonable here because the

---

[1] *See, e.g., Blackmon v. Zachary Holdings, Inc.*, No. 20-cv-00988, 2022 WL 3142362, at *4 (W.D. Tex. Aug. 5, 2022), *judgment entered*, No. 20-cv-00988, 2022 WL 3142364 (W.D. Tex. Aug. 5, 2022) (an ERISA case holding, "[t]he proposed award of 33 1/3% of the total settlement is reasonable and consistent with awards made by other district courts in this Circuit under the percentage method."); *Ramos v. Banner Health,* No. 15-cv-2556, 2020 WL 6585849, at *4-5 (D. Colo. Nov. 10, 2020); *Davis v. Magna Int'l of Am., Inc.*, No. 20-cv-11060, 2025 WL 732300, at *3 (E.D. Mich. Jan. 27, 2025); *Hawkins v. Cintas Corp.*, No. 19-cv-1062, 2025 WL 523909, at *3 (S.D. Ohio Feb. 18, 2025), *appeal dismissed*, No. 25-cv-3213, 2025 WL 1735434 (6th Cir. Apr. 4, 2025); *Bekker v. Neuberger Berman Grp. 401(k) Plan Inv. Comm.*, 504 F. Supp. 3d 265, 270 (S.D.N.Y. 2020); *Pledger v. Reliance Trust Co.*, No. 15-cv-4444, 2021 WL 2253497 (N.D. Ga. Mar. 8, 2021); *Karpik v. Huntington Bancshares Inc.*, No. 17-cv-1153, 2019 WL 7482134, at *7 (S.D. Ohio Feb. 18, 2021); *Griffin v. Flagstar Bancorp, Inc.*, No. 10-cv-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013); *Fernandez v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 15-cv-22782, 2017 WL 7798110 (S.D. Fla. Dec. 18, 2017); *Kelly v. Johns Hopkins Univ.*, No. 16-cv-2835, 2020 WL 434473, at *3 (D. Md. Jan. 28, 2020); *Marshall*

1

amount sought is less than Class Counsel's lodestar. In addition, Plaintiffs request reimbursement of out-of-pocket costs and expenses incurred in connection with the prosecution of this Action[2] in the amount of $4,954.26. Class Counsel also asks the Court to approve the payment of Case Contribution Awards in the amount of $5,000.00 to each Plaintiff in recognition of their contributions to this Action.

## II.    BACKGROUND

To avoid unnecessary repetition, Plaintiffs refer to, and incorporate, the discussion of the procedural history of this case from their memorandum in support of preliminary approval of the Settlement. *See* ECF No. 70, pp. 2-5; *see also* Final Approval Memo, pp. 1-3; Gyandoh Decl., ¶¶ 3-34 (detailing the procedural history, discovery practice, mediation, and settlement terms). In pertinent part, Plaintiffs, through Class Counsel, diligently investigated the merits of this Action prior to filing suit on August 7, 2024. *See* Gyandoh Decl., ¶ 3. Class Counsel engaged consulting experts, analyzed publicly filed information regarding the Plan and investments, and analyzed Plaintiffs' documents regarding their Plan participation. *Id*. After the initial complaint was filed, the Parties engaged in contentious litigation at the motion to dismiss stage. *Id*., ¶¶ 4-7. On October 28, 2024, Defendant

---

*v. Northrop Grumman Corp.*, No. 16-cv-6794, 2020 WL 5668935, at *3 (C.D. Cal. Sep. 18, 2020); *Tussey v. ABB, Inc.*, No. 06-cv-04305, 2019 WL 3859763 (W.D. Mo. Aug. 16, 2019); *Bell v. Pension Comm. of ATH Holding Co., LLC*, No. 15-cv-02062, 2019 WL 4193376 (S.D. Ind. Sept. 4, 2019); *Clark v. Duke Univ.*, No. 16-cv-1044, 2019 WL 2579201 (M.D.N.C. June 24, 2019); *Cates v. Trustees of Columbia Univ.*, No. 16-cv-06524, 2021 WL 4847890 (S.D.N.Y. Oct. 18, 2021); *Pinnell v. Teva Pharmaceuticals USA, Inc.*, No. 19-cv-05738, 2021 WL 5609864, at *2 (E.D. Pa. June 11, 2021); *Spano v. Boeing Co.*, No. 06-cv-0743, 2016 WL 3791123, at *4 (S.D. Ill. Mar. 31, 2016).

[2] Undefined terms herein shall have the meaning ascribed to them in the Settlement Agreement.

requested a pre-motion conference regarding its intent to file a motion to dismiss the original complaint, therein arguing several purported issues with the pleadings. *See* ECF No. 16. On November 1, 2024, Judge Palermo denied Defendant's request, and granted Plaintiffs leave to file an amended complaint. *See* ECF No. 24. Subsequently, Plaintiffs filed their Amended Complaint on November 22, 2024. *See* ECF No. 27. Defendant filed and served its Sealed Motion to Dismiss Plaintiffs' First Amended Complaint on December 6, 2024. *See* ECF No. 28; *see also* ECF No. 30 (redacted version filed on the same date). Plaintiffs filed their Brief in Opposition to Defendant's Motion to Dismiss Plaintiffs' Amended Complaint on January 10, 2025. *See* ECF No. 34. On January 24, 2025, Defendant filed its Reply in support of its Motion to Dismiss. *See* ECF No. 35.

Formal fact discovery began when Defendant's Motion to Dismiss was pending. *See* Gyandoh Decl., ¶¶ 8-19. Specifically, the Parties began exchanging document discovery and depositions were scheduled, including Defendant's 30(b)(6) corporate designee deposition. *Id.*

## III.    STANDARD OF REVIEW

"The common benefit doctrine stems from the premise that those who receive the benefit of a lawsuit without contributing to its costs are 'unjustly enriched' at the expense of the successful litigant." *Jenkins v. Trustmark National. Bank*, 300 F.R.D. 291, 306 (S.D. Miss. 2014) (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)). "As a result, the Supreme Court and the Fifth Circuit have recognized that '[a] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.'" *Id.*, at 306-07 (quoting *Barton v.*

3

*Drummond Co.,* 636 F.2d 978, 982 (5th Cir.1981)). Pursuant to Federal rules, "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the Parties' agreement." FED. R. CIV. P. 23(h). "In common fund cases, courts typically use one of two methods to calculate fees: the percentage and lodestar methods." *Blackmon v. Zachary Holdings, Inc.*, No. 20-cv-00988, 2022 WL 3142362, at *4 (W.D. Tex. Aug. 5, 2022), *judgment entered*, No. 20-cv-00988, 2022 WL 3142364 (W.D. Tex. Aug. 5, 2022). "[A]n award of fees based on the percentage method (an award of 33 1/3%)—with a lodestar reasonableness check" is acceptable for ERISA cases in this Circuit and across the nation. *Id*. However, "[r]egardless of whether the court uses the percentage method or the lodestar method, it must consider the *Johnson* factors in calculating attorney's fees." *Erica P. John Fund, Inc. v. Halliburton Co.*, No. 02-cv-1152, 2018 WL 1942227, at *8 (N.D. Tex. Apr. 25, 2018) ("*Erica*"). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases.

*Id*. (citing *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 718 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989)).

In this Action, the *Johnson* factors weigh in favor of approving the requested fee.

## IV.   ARGUMENT

4

### A.    Plaintiffs' Request for Attorneys' Fees Is Reasonable

#### 1.    The time and labor required

Class Counsel effectively and efficiently litigated this Action from its inception until now. Their extensive efforts included, *inter alia*, the investigation of Plaintiffs' claims, briefing regarding Defendant's Motion to Dismiss, and achieving the ultimate settlement of this case. *See* Gyandoh Decl., ¶¶ 3-34; *see also Kruger v. Novant Health, Inc.*, No. 14-cv-208, 2016 WL 6769066, at *3 (M.D.N.C. Sept. 29, 2016) (awarding 33 1/3% of the settlement fund and discussing the extensive pre-filing investigations counsel undertake in ERISA cases); *Jenkins*, 300 F.R.D. at 307-08 (finding this factor satisfied where "Class Counsel spent a substantial amount of time investigating the claims[,]" endured "[t]he process of developing, refining, and finalizing such discovery requests" and "devoted extensive time and effort to researching and preparing various motions and responses."). Class Counsel dedicated very substantial time and effort, expending over 493 hours of time to date. *See* Gyandoh Decl., ¶ 57. The above hours do not include time to be spent on preparing for the Final Fairness Hearing, communications with Settlement Class members, and monitoring Defendant's compliance with the Settlement. *See* Gyandoh Decl., ¶ 58. Class Counsel have been both diligent and efficient in obtaining a meaningful recovery for the Class and the Plan. As explained *infra*, a lodestar cross check of the requested fee represents a fractional risk multiplier of 0.73, well below the range approved by courts.

#### 2.    The novelty and difficulty of the legal issues

"Various courts have recognized that ERISA law is a highly complex and quickly-evolving area of the law." *Savani v. URS Professional Solutions LLC*, 121 F. Supp. 3d 564,

571 (D.S.C. 2015) (citations omitted); *see also Cates*, 2021 WL 4847890, at \*\*4-5 ("the difficulty of ERISA litigation justifies the requested fee award" of one-third recovery, as "Class Counsel faced a significant body of adverse precedent with multiple similar cases being dismissed or resulting in adverse judgments."). The novelty and difficulty of this ERISA case means that it was a risky case where the Settlement was possible because of the skill, expertise and willingness to take on such an undesirable case by Capozzi Adler.[3] Accordingly, this factor is satisfied and supports finding other factors herein also satisfied.

### 3. Factors 3 and 8, the skill requisite to perform the legal services properly and counsel's pedigree

"ERISA litigation requires specialized expertise, and there are relatively few firms that have that expertise." *Hawkins*, 2025 WL 523909, at \*4; *see also Blackmon*, 2022 WL 3142362, at \*5 ("ERISA litigation is notoriously complex, requiring a high level of skill in achieving the settlement."). Courts recognize that Capozzi Adler is one such firm. *See*, *e.g.*, *id*. at \*3 ("Capozzi Adler has been appointed Class Counsel in several ERISA breach of fiduciary duty cases similar to the instant case."); *Davis*, 2025 WL 732300, at \*3 (same); *Diaz v. BTG Int'l Inc.*, No. 19-cv-1664, 2021 WL 2414580, at \*8 (E.D. Pa. June 14, 2021) (appointing the undersigned as settlement Class Counsel in an ERISA case and stating that we "appear well qualified to weigh the risks and benefits of continued litigation as compared to the relief provided by the Settlement."); *Nesbeth v. ICON Clinical Rsch. LLC*,

---

[3] The Court does not need to reach the merits of the underlying case to evaluate the fee request. *See Jenkins*, 300 F.R.D. at 309 ("The Court expresses no opinion on the merits of these arguments; however, the critical point for present purposes is that, heading into this case, Class Counsel confronted these issues without any assurances as to how the Court would rule.").

6

No. 21-cv-1444, 2022 WL 22893879, at *4 (E.D. Pa. Mar. 10, 2022) (Capozzi Adler "has extensive experience and has worked diligently to litigate Plaintiffs' claims.").

Indeed, Plaintiffs retained attorneys who are highly qualified, experienced, and able to litigate this matter. Mr. Gyandoh, a partner and Chair of the Fiduciary Practice Group at Capozzi Adler, is a highly qualified ERISA class action attorney and unequivocally recommends this Settlement. *See* Gyandoh Decl., ¶¶ 76-89. Additionally, Capozzi Adler has been named Lead or Co-Lead interim Class Counsel in numerous breach of fiduciary duty class actions in this District and across the nation. *Id*. at ¶¶ 82-83. Throughout the litigation, Class Counsel has used its experience and access to resources to investigate and litigate Plaintiffs' allegations, and ultimately achieved an excellent Settlement in this Action. *See* Final Approval Memo, generally (explaining the specific benefits of the Settlement).

Furthermore, "[t]he skill required by Class Counsel is also reflected in the quality of opposing counsel. It has been observed that '[a]dditional skill is required when the opponent is a sophisticated corporation with sophisticated counsel.'" *Savani*, 121 F. Supp. at 571 (citation omitted). Unquestionably, counsel for Defendant, O'Melveny & Myers LLP, are one of the leading ERISA class action defense firms in the Country.[4] In sum, the pedigree and body of work by Class Counsel and Defendant's counsel in this Action weighs in favor of the requested attorneys' fee award, because "Class Counsel's achievement in obtaining a very substantial recovery in this action, defended by such

---

[4] *See* https://www.omm.com/services/practices/litigation-investigations/erisa-litigation/?source=nav. Last accessed April 10, 2026.

renowned counsel, is a testament to the quality of Class Counsel's representation." *Savani*, 121 F. Supp. 3d at 571-72.

###### 4. Factors 6 and 10, this was an "undesirable" contingent fee case

Factors 6 and 10 are satisfied because Capozzi Adler "represented the class on a contingent-fee basis, with no guarantee of any recovery[,]" "they represent plaintiffs who likely could not otherwise have afforded counsel[,]" and "incur[ed] many of these [litigation] costs before they were aware that the class plaintiffs would realize any recovery." *Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 650, 678 (N.D. Tex. 2010), *as modified* (June 14, 2010), *judgment entered* (June 18, 2010), *enforcement denied*, No. 03-cv-102, 2011 WL 2413318 (N.D. Tex. June 15, 2011) ("The contingent nature of the fee favors an increase in the typical benchmark percentage."). While Class Counsel strongly believed in the merits of the Action, the Action was not without risk given the complex factual predicate. *See Krueger,* 2015 WL 4246879, at *1 ("Class Counsel was also exposed to great risk. Not only did they face the very real possibility of dismissal or denial of class certification, but ERISA is a complex field that involves difficult and novel legal theories and often leads to lengthy litigation."). Furthermore, the economical and logistical unattractiveness of this case required a legal team with significant expertise in ERISA class action litigation who could manage this case in a cost-effective and comprehensive way. Courts find it persuasive that, like here, plaintiffs would not have been able to pursue this litigation other than on a contingency fee basis and, realistically, no competent plaintiffs' lawyer or law firm would take on such risky representation for less than one-third of any monetary recovery. *See, e.g., Sims v. BB&T Corp.*, No. 15-cv-732, 2019 WL 1993519, at

*3 (M.D.N.C. May 6, 2019) ("It is unsurprising that only a few firms might invest the considerable resources to ERISA class actions such as this, which require considerable resources and hold uncertain potential for recovery. A one-third fee reflects a reasonable attorney's fee in this matter for the attorneys who did assume this risk."); *Jenkins*, 300 F.R.D. at 310 ("Public policy concerns—in particular, ensuring the continued availability of experienced and capable counsel to represent classes of injured plaintiffs holding small individual claims—support the requested fee."). Thus, this factor supports granting the requested fee award.

### 5.    The amount involved and the results obtained

Undoubtedly, Class Counsel's efforts have created a $800,000.00 Gross Settlement Amount which is an excellent result when viewed in any light. In particular, the Settlement represents approximately 20 to 22% of the best-case damages scenario as estimated by Plaintiffs. In *Blackmon*, an analogous breach of fiduciary duty case from this Circuit, the court noted that a recovery of 14-23% of the plaintiffs' total estimated damages "exceeds many recoveries received in other class action cases." *Blackmon*, 2022 WL 3142362, at *4 (listing cases approving settlements as low as 2%); *see also Hawkins*, 2025 WL 523909, at *2 (the fee award was justified because "roughly a third of the settlement class's estimated maximum potential damages […] is consistent with other ERISA class action settlements" and, like here "was a favorable result for plaintiffs" because the defendant "has maintained throughout the litigation that the Plan suffered no losses."); *Sims*, 2019 WL 1995314, at *5 (finding a recovery "represent[ing] 19% of the total investment and recordkeeping damages sought by the plaintiffs" was fair reasonable and adequate); *Davis*, 2025 WL 732300, at *2

(the 31% of maximum potential damages "obtained on behalf of the Class supports the requested fee percentage" because "the Settlement offered Plaintiffs fair and reasonable relief given the complexity of the ERISA law issues presented and the acute risk of continued litigation."). This Settlement was achieved only after months of arm's length negotiations between experienced counsel on both sides. The amount obtained is especially beneficial because the proposed Settlement occurred before incurring more costs and risks at the class certification stage, formal expert discovery stage, summary judgment stage, trial and likely appeals. *See Kruger*, 2016 WL 6769066, *3 (an early settlement in an ERISA case "allows a class to achieve substantial savings and be able to invest those savings immediately – enjoying years' worth of returns that would not otherwise be available."); *Griffin v. Flagstar Bancorp, Inc.*, No. 10-cv-10610, 2013 WL 6511860, at *3 (E.D. Mich. Dec. 12, 2013) ("conducting merits and expert discovery in this ERISA action would be time consuming and costly."). Additionally, "most Class Members will not have to file a claim form but will automatically receive their distributions into their tax-deferred retirement accounts. This factor weighs in favor of the requested fee." *Pledger*, 2021 WL 2253497 at *8.

**6.    Factors 5 and 12, the customary fee and awards in similar cases**

Plaintiffs are seeking an award of fees in the amount of one third of the common fund, which satisfies both the customary fee for common fund cases in this Circuit and awards granted in similar ERISA class actions. *See Blackmon*, 2022 WL 3142362, at *4 ("The proposed award of 33 1/3% of the total settlement is reasonable and consistent with awards made by other district courts in this Circuit under the percentage method."); *Erica*,

10

2018 WL 1942227, at *7 (awarding "one-third of the Settlement Fund, plus interest."); *Jenkins*, 300 F.R.D. at 310 ("Indeed, numerous decisions have found that a one-third recovery is well within the range of a customary fee."); *In re Pool Prods. Distribution Mkt. Antitrust Litig.*, 310 F.R.D. 300, 316 (E.D. La. 2015) ("[T]he Court finds that a sum for the attorneys' fees and costs of one-third of the settlement fund is in keeping with practice in this circuit and is therefore within the limit of what the Court deems reasonable.").

Specifically, one-third of the settlement fund "is consistent with experienced attorneys who handle complex ERISA litigation, and has been found reasonable in numerous cases in federal district courts." *Pledger*, 2021 WL 2253497, at **5,7; *see also Blackmon*, 2022 WL 3142362, at *4; *Kelly*, 2020 WL 434473, at *3 ("The requested fee of one-third of the monetary recovery is reasonable and appropriate given the 'significant risk of nonpayment' in these types of cases due to 'the novel nature of this case and adverse precedents.'"); *Ford v. Takeda Pharms. U.S.A., Inc.,* No. 21-cv-10090, 2023 WL 3679031, at *3 (D. Mass. Mar. 31, 2023) (A 33 1/3% "requested percentage of fee here is identical to other awards in other excessive 401(k) fee cases brought by Class Counsel, including in this district."); *McDonald v. Edward Jones*, 791 Fed.Appx. 638, 640 (8th Cir. 2020) (affirming judgment awarding the class counsel attorneys' fees of on third of the settlement fund); *Pinnell*, 2021 WL 5609864, at *2 (awarding "one-third of the common fund as a reasonable attorneys' fee."); *Diaz*, 2021 WL 2414580, at *8 (same); *Hawkins*, 2025 WL 523909, at *3 (same, because "the requested award of one-third of the common fund […] is consistent with fees awarded in similar actions in this circuit and across the country."); *Davis*, 2025 WL 732300, at *3 (awarding Capozzi Adler "the requested fee amount of 31

11

1/3% of the Settlement Fund [which] is fair and reasonable."); *Tussey*, 2019 WL 3859763, at *2; *Bell*, 2019 WL 4193376; *Clark*, 2019 WL 2579201; *Ramos*, 2020 WL 6585849, at *4-5 (awarding "one-third of any recovery plus expenses."); *Diaz*, 2021 WL 2414580; *Feinberg v. T. Rowe Price Grp.*, 610 F. Supp. 3d 758, 769 (D. Md. 2022).

Moreover, in the course of his nearly 21-year nationwide ERISA practice, Mr. Gyandoh has worked with most if not all firms that have a national ERISA class action practice. In his experience, while there are invariably differences in rates between different firms – and even between rates for lawyers within the same firm with the same number of years of practice – Capozzi Adler's rates are broadly in line with rates of other firms with nationwide class action practices. *See* Gyandoh Decl., ¶¶ 61-75 (including exhibits). Thus, Class Counsel's request for attorneys' fees is consistent with attorneys' fees routinely awarded by courts in ERISA class action cases and the customary fee in this Circuit.

### 7. Factors 4 and 7, the preclusion of other employment by the attorneys due to acceptance of the Case

As reflected by the sheer number of hours devoted by the attorneys and staff involved in litigating this case, a substantial amount of their time was devoted to this case at the preclusion of other work. *See* Gyandoh Decl., ¶¶ 52-57; *see also Jenkins,* 300 F.R.D. at 308 ("It is uncontroverted that the attorney time spent on the Action was time that could not be spent on other matters."); *Klein*, 705 F. Supp. 2d at 677 ("The reported hours demonstrate that work on other cases was often precluded."). Indeed, courts analyzing ERISA fee requests have found this factor satisfied because "but for the time and effort they spent in this case, and given the demand for their services attributable to their high

12

level of skill and competence, Plaintiffs' attorneys would have spent significant time on other matters. Class Counsel was compelled at various times during the litigation to work under significant time pressure and had to commit significant resources." *Pledger* 2021 WL 2253497 at *7.

### 8. The nature and the length of the professional relationship with the client

Counsel does not expect repeat business from any plaintiff in this case. Given the nature of Counsel's work, "the likelihood that many class members will be seeking additional representation from Class Counsel is slim." *Shaw v. Interthinx, Inc.*, No. 13-cv-01229, 2015 WL 1867861, at *7 (D. Colo. Apr. 22, 2015). Like the wage and hour suits in *Shaw*, ERISA breach of fiduciary duty cases "do not lend themselves to continuous, long-term attorney-client relationships. This factor thus weighs in favor of the requested fee award." *Id*.

### B. The Lodestar Crosscheck

Courts may use a lodestar crosscheck to confirm the reasonableness of the requested fee percentage, particularly because the lodestar method also requires an evaluation of the *Johnson* factors. "The purpose of a lodestar cross-check of the results of a percentage fee award is to avoid windfall fees, *i.e.*, to ensure that the percentage approach does not lead to a fee that represents an extraordinary lodestar multiple." *See Klein*, 705 F.Supp.2d at 680 ("The court concludes that an upward adjustment under *Johnson* is merited for the same reasons that it concludes that an increase in the percentage benchmark fee is appropriate"). There is no windfall in this case. The one third percentage of the Settlement

13

that Class Counsel is requesting equals $266,666.67, and thus far Class Counsel's lodestar is $366,158.00 from expending a total of 493.80 hours on this case. *See* Gyandoh Decl., ¶¶ 52-57; *see also Erica*, 2018 WL 1942227, at *13 ("[T]here is a strong presumption that the lodestar represents a reasonable fee."). Plaintiffs are requesting a fractional multiplier in this case, but illustrating the reasonableness of their request, even if they weren't seeking a fractional multiplier, "[g]iven the substantial risks involved in ERISA excessive fee cases, a risk multiplier is appropriate." *Cassell*, 2019 WL 13160853, at *2; *see also Kelly*, 2020 WL 434473, at *7 (a multiplier of 2.45 was reasonable "[g]iven the substantial risks involved in ERISA excessive fee cases."); *Ford*, 2023 WL 3679031, at *2 ("a multiplier of 2.41 [] is well within the range of multipliers approved by district courts in the First Circuit and in ERISA cases"); *Davis*, 2025 WL 732300, at *2 ("a fee that exceeds the lodestar is important 'to compensate Counsel for the risk they undertook of no payment if the case was unsuccessful.'"); *Hawkins*, 2025 WL 523909, at *3 (approving a multiplier of 2.46). In fact, "[w]hen a lodestar cross-check is applied to a class-action fee award in a common fund case, courts frequently use a multiplier ranging from one to four based on the *Johnson* factors." *Celeste v. Intrusion Inc.*, No. 4:21-cv-307, 2022 WL 17736350, at *14 (E.D. Tex. Dec. 16, 2022) (listing cases and finding 2.32 multiplier appropriate).

Accordingly, the fractional multiplier of 0.73 further supports the reasonableness of awarding one-third of the Settlement in attorney's fees. *See Blackmon*, 2022 WL 3142362, at *5 (finding it persuasive that "[t]he 33 1/3% award is just 1.06 times Class Counsel's lodestar."); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-cv-3400, 2010 WL 4537550, at *26 (S.D.N.Y. Nov. 8, 2010) ("a fractional multiplier" means that "even

14

though Lead Counsel here assumed very substantial risk in prosecuting this case and achieved an excellent result considering all the circumstances, they will nevertheless recoup far less than their lodestar.").

The hours spent were necessary for prosecuting this litigation. The lodestar amount does not include time to prepare for the Fairness Hearing, and to continue to supervise the Settlement fund (including corresponding with the Settlement Administrator, Class Members, and opposing counsel) and to provide the Court with a supplemental brief and update regarding responses to the Notice and report of the independent fiduciary. *See Stevens v. SEI Invs. Co.*, No. 18-cv-4205, 2020 WL 996418, at *13 (E.D. Pa. Feb. 28, 2020) (an ERISA case noting that "Class Counsel is expected to perform additional work in connection with this case following this Court's approval. As such, the [6.16] multiplier will likely be lower by the time the matter is closed and Class Counsel's work is complete."). Also, Capozzi Adler's hourly rates charged are consistent with rates charged by other firms specializing in nationwide ERISA class actions. *See* Gyandoh Decl., ¶¶ 61-73 (including exhibits).[5] Relatedly, Capozzi Adler's rates have recently been approved by courts in numerous cases. *Id.*, ¶ 75.

---

[5] Because "ERISA litigation requires specialized expertise, and there are relatively few firms that have that expertise[,] […] the Court may 'look to national markets, an area of specialization,' or another market to determine a reasonable rate for Class Counsel's services.'" *Hawkins*, 2025 WL 523909, at *4 (quoting *McHugh v. Olympia Ent., Inc.*, 37 F.App'x 730, 740 (6th Cir. 2002)); *see also Frommert v. Conkright*, 223 F. Supp. 3d 140, 151 (W.D.N.Y. 2016) ("[I]n certain highly specialized areas of law, such as ERISA, the relevant legal community is national in scope."); *In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 886 F. Supp. 445, 477 78 (E.D. Pa. 1995) ("[T]he complex and difficult nature of this class action ERISA case demands a quality of service for which relatively expensive representation is to be expected." Accordingly, the "relevant community is 'the

The lodestar cross-check confirms that an award of one-third of the Settlement Amount is fair and reasonable.

## C.  The Court Should Reimburse Plaintiffs' Counsel for Expenses Incurred

"This Court may award reasonable litigation expenses authorized by the parties' agreement. *See* Fed. R. Civ. P. 23(h)." *Blackmon*, 2022 WL 3142362, at *5. Class Counsel should be reimbursed the $4,954.26 in litigation expenses advanced in prosecuting this case under FED. R. CIV. P. 23(h). Plaintiffs' counsel incurred costs related to filing fees, legal research, among other items. *See* Gyandoh Decl., ¶¶ 50-51; *see also Jenkins*, 300 F.R.D. at 310-11 (the same type of "costs and expenses, advanced by Class Counsel for the benefit of the Settlement Class, were necessarily incurred in furtherance of the prosecution of this Action."); *Blackmon*, 2022 WL 3142362, at *5 (similar). Importantly, Class Counsel brought this case without guarantee of reimbursement or recovery, so they actively worked to keep costs to a reasonable level. *See Henderson v. Emory Univ.*, No. 16-cv-2920, 2020 WL 9848978, at *4 (N.D. Ga. Nov. 4, 2020) (recognizing that "Class Counsel brought this [ERISA] case without guarantee of reimbursement or recovery. There was a strong incentive to limit costs."). Granting Plaintiffs' counsel's request for cost reimbursement is warranted.

## D.  The Requested Case Contribution Awards Are Reasonable

Plaintiffs request Class Representatives Dewayne Brooks, Susan Cameron, Christene Jones, and Joshua Wells be granted a Case Contribution Award in compensation

national legal community.'").

16

for the time and effort they expended in successfully prosecuting this case. Such awards acknowledge representative plaintiffs' hard work and sacrifices in support of the Class, as well as their promotion of the public interest. Plaintiffs seek an award of $5,000 for each class representative, amounts that are well-deserved. Each of the Class Representatives has provided documents, reviewed the Complaint, and monitored Class Counsel and the progress of the litigation, including discussions about the terms of the Settlement. *See* Gyandoh Decl., ¶ 90-91. Each of the Plaintiffs have submitted declarations in support of their requests for case contribution awards. The declarations are attached to the Gyandoh Declaration as Exhibits 13-16. "Incentive awards are intended to compensate class representatives for work done on behalf of the class and have been approved after considering the actions plaintiffs have taken to protect the interests of the class and the amount of time and effort expended in pursuing litigation." *Blackmon*, 2022 WL 3142362, at *5 (citation omitted) (awarding $12,500 to each plaintiff for "collecting and providing documents to Class Counsel, answering discovery requests, participating in regular conference calls with Class Counsel, and preparing for their depositions prior to settlement" and because "Plaintiffs' requested service award is in line with similar incentive awards awarded in this Circuit.").

Truly, "[i]t is not unusual for a court to make an 'incentive award' to named plaintiffs because of their sacrifices in pursuit of litigation on behalf of the class." *Jenkins*, 300 F.R.D. 291 at 305-06. Courts consider "1) the risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class

17

representative; 4) the duration of the litigation; and 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation." *Id*., at 306. All these considerations weigh in favor of granting Class Representatives a case contribution award. First, "ERISA litigation against an employee's current or former employer carries unique risks and fortitude, including alienation from employers or peers." *Slipchenko v. Brunel Energy, Inc*., No. 11-cv-1465, 2015 WL 338358, at *13 (S.D. Tex. Jan. 23, 2015) (quoting *Beesley v. Int'l Paper Co.,* No. 3:06-cv-703, 2014 WL 375432, at *4 (S.D. Ill. Jan.31, 2014)); *see also Henderson*, 2020 WL 9848978, at *4 (plaintiffs "risked their reputation and alienation from employers or peers in bringing an action against a prominent institution in their community.").

Second, Plaintiffs have been dedicated to this case since before the original complaint was filed in the summer of 2024. *See* Gyandoh Decl. at ¶ 91. Exactly like in *Jenkins*, "Plaintiffs provided invaluable assistance to counsel in this litigation by, among other things, submitting to interviews, locating and forwarding responsive documents, and participating in conferences with Class Counsel. In so doing, Plaintiffs were integral to forming the theory of the case." *Jenkins*, 300 F.R.D. at 306. Third, "[a] substantial incentive award is appropriate in [a] complex ERISA case given the benefits accruing to the entire class in part resulting from [named plaintiff's] efforts." *Savani*, 121 F. Supp. 3d at 577; *see also Henderson*, 2020 WL 9848978, at *4 (same); *In re Marsh Erisa Litig*., 265 F.R.D. 128, 149-50 (S.D.N.Y. 2010) ("Congress passed ERISA to promote the important goals of protecting and preserving the retirement savings of American workers" and "such lawsuits create incentives for fiduciaries to comply with ERISA.").

18

Lastly, substantially larger awards have been approved in comparable cases. *See, e.g., Dover v. Yanfeng US Automotive Interior Systems I LLC*, No. 20-cv-11643, 2023 WL 2309762, at *6. (E.D. Mich. Mar. 1, 2023) (an ERISA case awarding $10,000 to each named plaintiff and noting that "the Court finds that plaintiffs' concerns regarding their future employment prospects are understandable."); *Kelly* , 2020 WL 434473, at **7-8 (awarding $20,000 to each of eight named plaintiffs); *Tussey,* 2012 WL 1113291, at *21 (awarding $25,000 to each class representative in an ERISA fee class action); *Diaz*, 2021 WL 2414580, at *9 ("[T]he $10,000.00 service award to each named Class Representative is reasonable and warranted."); *Davis*, 2025 WL 732300, at *4 (same); *Henderson*, 2020 WL 9848978, at *4, (awarding $25,000 to each named plaintiff); *Cassell*, 2019 WL 13160853, at *3 (same); *Kruger*, 2016 WL 6769066, at *6 (same); *Tussey*, 2012 WL 1113291, at *21 (same). Awards of $5,000 to each Plaintiff are warranted here.

## V.    CONCLUSION

Plaintiffs respectfully request that the Court: (1) award attorneys' fees in the amount of $266,666.67; (2) approve the reimbursement of litigation expenses in the amount of $4,954.26; and (3) approve Case Contribution Awards in the amount of $5,000 to each Plaintiff.

Dated: April 14, 2026

Respectfully submitted,

**CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh, Esquire
(admitted *pro hac vice*)
James A. Maro, Esquire
(admitted *pro hac vice*)

19

James A. Wells, Esquire
(admitted *pro hac vice*)
312 Old Lancaster Road
Merion Station, PA 19066
Phone: (610) 890-0200
Email: markg@capozziadler.com
       jamesm@capozziadler.com
       jayw@capozziadler.com

**MUHIC LAW LLC**
Peter A. Muhic
(Admitted Pro Hac Vice)
923 Haddonfield Road,
Suite 300 Cherry Hill, NJ 08002
Phone: (856) 242-1802
Email: peter@muhiclaw.com

**THE LAW OFFICE OF KELL A. SIMON**
Kell A. Simon
Texas Attorney ID # 24060888
501 N. Interstate Highway 35, Suite 11
Austin, Texas 78702
Phone: (512) 898-9019
Email: kell@kellsimonlaw.com

*Attorneys for Plaintiffs, the Plan
and the Proposed Class*

20

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2026, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

By: */s/Mark K. Gyandoh*
Mark K. Gyandoh, Esq.

21